JOHN F. WARD and MARY A. WARD, Plaintiffs in Error, v. NATIONAL SURETY COMPANY, Defendant in Error.

**Kansas City Court of Appeals, December 31, 1912.**

BUILDING CONTRACT: Bond: Action: Estoppel. A building contractor procured a bond from a surety company, for the owner as obligee, to insure the faithful performance of his contract, the bond reciting that the contract was thereto attached. The surety company intrusted the bond to the contractor to deliver to the owner, who accepted it, no contract being attached. It turned out that the contract the bond was executed to secure was a substituted contract for the one under which the building was constructed. *Held*, that an action on the bond as securing the original contract could not be maintained against the surety company. The company was not estopped to deny the bond secured that contract.

Error to Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

AFFIRMED.

*G. W. Haverfield* and *E. R. Morrison* for plaintiffs in error.

*A. F. Smith, Kimbrough Stone,* and *Frank Hagerman* for defendant in error.

ELLISON, J.—A rehearing was granted in this case on the alleged ground that the opinion erred in stating, as a fact, that the bogus contract was executed before the delivery of the bond. In our opinion the evidence, reasonable inferences to be drawn therefrom, and the circumstances, justify that statement.

But the contract presents other considerations which lead to an affirmance. Plaintiffs concede that Campbell, the contractor, could not get a bond from defendant on what is called the genuine contract and

so he drew up the bogus contract with $4500 as the consideration and presented it to defendant and defendant executed the bond to secure that contract and not the genuine one. And so the referee finds. But since the referee found that defendant intrusted the bond to the contractor which did not describe the contract sufficiently to advise plaintiffs what it contained, and since it was not attached to the bond when the contractor delivered it to plaintiffs, he concluded that defendant had put it in the power of the contractor to deceive plaintiffs into the belief that the bond was to secure the original contract. It seems to us to be altogether unreasonable to credit plaintiffs with being thus imposed on when it is conceded that they accepted the bond which did not have the contract attached and which itself showed it was not a bond securing the original contract. Plaintiffs own showing places them in a position of the grossest carelessness in thus accepting the bond; and their acknowledgment that they afterwards signed the fraudulent contract, which, in fact, the bond was to cover, places them without right of recovery.

The bond with which it is claimed defendant empowered the contractor to deceive plaintiffs, stated on its face that it was to secure a contract "a copy of which is hereto attached and hereby referred to and made a part hereof, as fully and to the same extent as if copied at length herein." The fact that it did not have any contract attached should have put plaintiffs on their guard. Their act was in the nature of an acceptance of a forged instrument. Again the bond recited that "the full amount of the contract price to be paid by the obligee to the principal shall be payable and paid in cash and not otherwise." To allow plaintiffs to successfully maintain a position of estoppel against defendant in the face of these facts would be gross injustice.

The judgment is affirmed. All concur.